IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| S.A., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:22-CV-52-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## **RECOMMENDATION OF DISMISSAL**

Pending before the Court is Petitioner's application for habeas corpus relief and Respondent's second motion to dismiss (ECF Nos. 1, 12). On May 5, 2022, Respondent notified the Court that Petitioner had been removed from the United States, and submitted, as evidence, a Form 71-061, Notice to Alien Ordered Removed/Departure Verification, showing that Petitioner was removed from the United States on March 30, 2022. Resp't's 2d Mot. to Dismiss Ex. A, ECF No. 12-1. Due to Petitioner's removal, Respondent moves to dismiss his petition as moot. Resp't's 2d Mot. to Dismiss 1-2, ECF No. 12. The Court recommends that the motion be granted.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (per curiam) (citing U.S. Const. art. III, § 2 and finding appeal moot where petitioner was removed from the United States). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be

characterized as an active case or controversy." *Id.* (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, 'if events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam)).

Here, Petitioner sought an order granting him release from custody or requiring his immediate deportation. Pet. 8, ECF No. 1. Petitioner has been removed from the country and, according to Respondent, is no longer in Respondent's custody. Resp'ts' 2d Mot. to Dismiss 1-2; 2d Mot. to Dismiss Ex. A. Because the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

It is therefore recommended that Respondents' second motion to dismiss (ECF No. 12) be granted and Petitioner's application for habeas corpus relief (ECF No. 1) be dismissed as moot.[1] Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. See M.D. Ga. L.R. 7.4. The district

---

[1] Respondent previously moved to dismiss Petitioner's habeas application on the grounds that it was premature. Resp't's 1st Mot. to Dismiss 1, ECF No. 8. It is **RECOMMENDED** that this motion (ECF No. 8) be **DENIED AS MOOT**.

2

judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 5th day of May, 2022.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE